Scott, C.J.
It is a well settled rule that, where a witness, who testified on a former trial of a cause, is dead, on a subsequent trial of the same cause, between the same parties, another witness may state the substance of what the deceased witness testified to on the former trial. Wagers v. Dickey, 17 *625 Ohio Rep. 439. And this rule extends even to criminal cases. Summons v. The State, 5 Ohio St. Rep. 325.
It is also clear that sec. 310 of the code renders the parties to a civil action competent witnesses generally on the trial thereof.
Hence it is claimed, by the plaintiff in error, that the district court erred in refusing to admit evidence of what the plaintiff’s intestate had testified to upon the previous trial of’ the same case in the court of common pleas.
The statute, however, does not place parties, in all respects, on the same footing with other witnesses. Sec. 313 provides that the deposition of a party can not be used in his own behalf, unless the notice under which it is taken, specify that the deposition to be taken is that of the party. And the same section, proceeding on a principle of mutuality of rights, prescribes, as a general rule, that “no party shall be allowed to testify, by virtue of sec. 310, when the adverse party is . . . the executor or administrator of a deceased person, . . . when the facts to be proved transpired before the-death of such deceased person, . . . provided, that if the deposition of a party be taken in any pending suit, and such party shall die before the trial thereof, it shall be lawful for the opposite party to testify as to all matters contained in said-deposition.”
The case, then, stands thus : By sec. 310 of the code, both the parties were competent witnesses on the trial of the cause-in the court of common pleas. But on the trial in the district court, the intermediate death of Dillon, and the substitution of his administrator as a party, rendered Jennings, under the provisions of sec. 313, incompetent to testify to any facts which transpired before the death of Dillon. Had the deposition of Dillon been taken, then, by the terms of the statute, Jennings might have testified as to all matters upon which the deceased had been heard through the medium of his deposition. But his deposition had not been taken. The administrator offered the evidence of his intestate through a medium not contemplated nor provided for by the legislature. Had this evidence been received, the terms of the statutory proviso *626 would not have correspondingly restored the competency of Jennings. But the manifest policy of the statute forbids that the evidence of a deceased party should be received, while the mouth of the living adverse party is closed upon the same subject. As it is only by force of the statute that parties become competent witnesses, the limitations which the statute imposes upon their competency should be fully enforced. Nor will any hardship necessarily result from an adherence to the plain letter of the statute on this subject. By means ■of his. deposition, a party may always secure for himself, or for his estate, the benefit of his own evidence. And the opposite party would, in this way, be put fully upon his guard, and the evidence, both in chief, and on cross examination, being fully reduced to writing, would be much more accurate and reliable than when left to the uncertain memories of conflicting witnesses. Neither in terms, nor by clear inference, has the statute provided any other mode of perpetuating the ■evidence of a party in his own behalf. Where he neglects this precaution, his representatives can not reasonably ask more, in the event of his death before the trial of the case, than the •silence of the opposite party.
We think the district court properly excluded the evidence ■of the witness, Pool, and therefore affirm its judgment.
Suture, Peck, Gholson and Brinkerhoee, JJ., concurred.